UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| INTERNATIONAL PIPING & PROCUREMENT GROUP, LP,<br><br>               Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>               Defendant. | Court No. 23-232 |

**COMPLAINT**

Plaintiff, International Piping & Procurement Group, LP ("IPPG" or "Plaintiff"), by and through its attorneys, alleges as follows:

**ADMINISTRATIVE DETERMINATION TO BE REVIEWED**

1. Plaintiff brings this action pursuant to 28 U.S.C. § 1581(c) to challenge certain aspects of the U.S. Department of Commerce's ("Commerce") final determination in a covered merchandise inquiry published in the Federal Register on October 10, 2023 concerning the antidumping duty order on certain carbon steel butt-weld pipe fittings from the People's Republic of China. *See Certain Carbon Steel Butt-Weld Pipe Fittings From the People's Republic of China: Final Determination of Covered Merchandise Inquiry*, 88 Fed. Reg. 69909 (Oct. 10, 2023) ("Final CMI Results"); *see also* Memorandum from James Maeder, Deputy Assistant Secretary for Antidumping and Countervailing Duty Operations, to Lisa W. Wang, Assistant Secretary for Enforcement and Compliance, Subject: Decision Memorandum for the Final Results of Covered Merchandise Inquiry – EAPA Inv. 7335: Certain Carbon Steel Butt-Weld Pipe Fittings from the People's Republic of China (Sept. 29, 2023) ("Final CMI IDM").

## JURISDICTION

2.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as Plaintiff commences this action under Section 516A(a)(2)(A)(ii) and (B)(vi) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(A)(ii) and (B)(vi).

## STANDING

3.      Plaintiff is an importer subject to U.S. Customs & Border Protection's ("CBP") Enforce and Protect Act Investigation No. 7335.  CBP issued a scope referral to Commerce, requesting that Commerce issue a scope ruling to determine whether rough and unfinished fittings originating in China and processed into butt-weld pipe fittings through two production scenarios in Vietnam are covered by the scope of the antidumping duty order on carbon steel butt-weld pipe fittings from China.  *See Antidumping Duty Order and Amendment to the Final Determination of Sales at Less Than Fair Value: Certain Carbon Steel Butt-Weld Pipe Fittings from the People's Republic of China*, 57 Fed. Reg. 29702 (July 6, 1992) ("AD Order").  Plaintiff was party to the proceeding at Commerce that led to the contested determination.  Plaintiff is therefore an interested party within the meaning of section 771(9)(A) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1677(9)(A).

4.      Plaintiff participated in the administrative proceeding that is the subject of this challenge, and accordingly has standing to bring this action under 28 U.S.C. § 2631(c) and 19 U.S.C. §§ 1516a(a)(2)(A)(ii), 1516a(a)(2)(B)(vi).

## TIMELINESS OF ACTION

5.      Plaintiff commenced this action by filing a Summons on November 1, 2023.  Commerce published notice of the Final CMI Results in the Federal Register on October 10, 2023.  *See Certain Carbon Steel Butt-Weld Pipe Fittings From the People's Republic of China:*

*Final Determination of Covered Merchandise Inquiry*, 88 Fed. Reg. 69909 (Oct. 10, 2023). Commerce mailed a copy of the contested determination to Plaintiff by certified mail on October 17, 2023.  Plaintiff timely filed the Summons pursuant to 19 U.S.C. § 1516a(a)(2)(A)(ii) and pursuant to Rules 3(a)(2) and 6(a) of this Court; therefore, Plaintiff timely commenced this action.

## FACTUAL HISTORY

6. On September 6, 2022, CBP transmitted a covered merchandise referral to Commerce requesting that Commerce determine whether merchandise described in the referral is subject to the AD Order.  CBP requested that Commerce make a scope determination on merchandise meeting two different production scenarios.  The first scenario involved Chinese-origin unfinished fittings that undergo in Vietnam the final stage (*i.e.*, finishing processes) of three production stages.

7. On June 23, 2023, Commerce published the Preliminary Results of its covered merchandise inquiry in the Federal Register, finding that the merchandise described in the first scenario is covered by the AD Order.

8. Commerce continued to find in its Final CMI Results that unfinished butt-weld pipe fittings exported from China that undergo the final stage of production in Vietnam remain subject to the scope of the AD Order because they are not substantially transformed into products of Vietnam by the finishing processes performed in Vietnam.

## CLAIMS AND BASES FOR RELIEF

9. The merchandise outlined in Scenario 1 is not described by the scope of the AD Order.  Commerce's Final CMI Results as to Scenario 1 therefore is unsupported by substantial evidence, arbitrary and capricious, and otherwise not in accordance with law.

10. Commerce's Final CMI Results as to Scenario 1 finding such merchandise covered by the scope of the AD Order is inconsistent with it having previously conducted a circumvention instead of scope determination under the AD Order involving Malaysia and thus is arbitrary and capricious and otherwise contrary to law.

11. Commerce's Final CMI Results as to Scenario 1 relies on a substantial transformation analysis that is flawed and ignores record evidence demonstrating that: (a) the essential characteristics of a butt-weld fitting are imparted only after beveling, (b) the nature and sophistication of the third production stage performed in Vietnam is substantial, (c) the level of investment in Vietnam is significant, and (d) the relative percentage of costs associated with stage 3 in Vietnam is significant.  Commerce's Final CMI Results as to Scenario 1 was therefore not based on substantial evidence of record, was arbitrary and capricious, and was not otherwise in accordance with law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find that Commerce erred in the Final CMI Results as alleged herein, remand this matter to Commerce with instructions to find that  are outside the scope of the AD Order, and enter judgment in favor of Plaintiff, along with such additional relief as the Court deems just and appropriate.

Respectfully submitted,

/s/ Jeremy W. Dutra
Jeremy W. Dutra
Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, DC 20037
Tel.: (202) 626-6237
Fax: (202) 457-6315
Email: Jeremy.Dutra@squirepb.com

*Attorney for Plaintiff IPPG Industrial Company, LLC*

Dated: November 1, 2023